Stephen C. Ruehmann, Esq. (167533)
*steve@ruehmannlawfirm.com*
**RUEHMANN LAW FIRM, P.C.**
9580 Oak Avenue Parkway, Suite 15
Folsom, California 95630
Tel: (916) 988-8001 / Fax: (916) 988-8002
Attorney for Debtor and Defendant
VIVIAN LILY

RICHARD A. CANATELLA, Esq. (53264)
Attorney at Law
CARTER & DELCARLO
4610 Mission Street, 4th Floor
San Francisco, CA 94112
Tel: 415-584-5446
email: rcanatella@drolick.com
        delcarlo@earthlink.com

DAVID R. OLICK, Esq. (72152)
Attorney and Counselor at Law
3450 Sacramento Street, No. 509
San Francisco, CA 94118
Tel: 707-750-1005
email: dro@olick.us
Attorney for Plaintiff
DAVID R. OLICK

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) Chapter 7    Case No: 12-36999-B-7 |
| VIVIAN LILY, | ) Adversary Proceeding No.: 12-02717 |
| Debtor. | ) |
| ———————————————— | ) JOINT DISCOVERY PLAN |
| | ) |
| | ) Status Conference |
| DAVID R. OLICK, | ) Date:  April 17, 2013 |
| Plaintiff, | ) Time:  9:30 a.m. |
| v. | ) Dept:  B (Courtroom 32) |
| VIVIAN LILY, | ) |
| Defendant. | ) Complaint Filed:    December 17, 2012 |
| ———————————————— | ) FAC Filed:        February 11, 2013 |

///

**JOINT DISCOVERY PLAN**

An initial status conference was set for February 20, 2013, then continued to April 17, 2013 as Defendant had a pending motion to dismiss Plaintiff's initial complaint. The parties were ordered to prepare and submit this [Proposed] Joint Discovery Plan if the pleadings were not resolved prior to the continued date.  Plaintiff filed an FAC on February 11, 2013, and Defendant filed a motion to dismiss the FAC on March 13, 2013 (an Amended Notice of Motion was filed on March 15, 2013).  Defendant's motion to dismiss is set for April 30, 2013.  An ex-parte application and stipulation to change this status conference date to after April 23, 2013 was made on March 6, 2013 and is pending before the court.

Another application to change defendant's motion to dismiss from April 30, to May 14, will be filed within the next two days.  Thus, the pleadings will not be resolved prior to the scheduled continued status conference of April 17, 2013.

Pursuant to Rule 26(f), the parties have discussed the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, and developed a proposed discovery plan. They have also exchanged a list of potentially documents, a list of witnesses, description of their respective views on damages and of potentially relevant insurance policies.  After conferring, counsel for the parties agree to the following:

1.      The parties shall complete the disclosures required by Rule 26(a)(1) (i.e., produce all identified documents) on or before August 1, 2013, unless otherwise ordered or unless production has already been made pursuant to a production request. These will include all documents and other tangible things relevant to the allegations of the pleadings and damages alleged therein, as well as copies of any relevant insurance policies, all known by the disclosing party at the time of disclosure.

2.      Defendant requests that all discovery be stayed pending the outcome on the pending motion for judgment on the pleadings and thereafter until the case is at-issue.  Plaintiff contends that formal discovery should commence in accordance with the

Federal Bankruptcy Rules and in accordance with the court's scheduling order.  Given this dispute, Defendant anticipates bringing a motion for protective order.

3.      The parties shall have until January 1, 2014, or as ordered by the Court in its Scheduling Order, to complete fact discovery.

4.      The parties shall disclose experts and reports per Rule 26(a)(2)(D), and shall conduct depositions thereafter in accordance with Rule 26(b)(4)(A), unless otherwise ordered.

5.      The parties shall have until November 1, 2013, or as ordered by the Court in its Scheduling Order, to file pleadings seeking to join additional parties, to amend pleadings to add claims or defenses, to file other non-dispositive motions (e.g., consolidation, bifurcation), and to file threshold motions (e.g., jurisdiction, qualified immunity, statute of limitations).

6.      The parties shall have until November 1, 2013, or as ordered by the Court in its Scheduling Order, to file other dispositive motions (e.g., summary judgment as to all or part of the case).

7.      The parties are amendable to participating in the Court's Dispute Resolution Program.

8.      Plaintiff requests a jury; Defendant reserves the right to request a jury.

9.      Defendant estimates a 5 day trial; Plaintiff has no estimate.


RUEHMANN LAW FIRM, P.C.


Dated: March 20, 2013          By:  /s/ Stephen C. Ruehmann_____
                                    Stephen C. Ruehmann
                                    Attorney for VIVIAN LILY


Dated: March 20, 2013          By:  /s/ David R. Olick_____
                                    DAVID R. OLICK
                                    Attorney for DAVID R. OLICK

JOINT DISCOVERY PLAN