STEPHEN C. RUEHMANN (167533)
*steve@ruehmannlawfirm.com*
**RUEHMANN LAW FIRM, P.C.**
9580 Oak Avenue Parkway, Suite 15
Folsom, CA 95630
Tel: (916) 988-8001
Fax: (916) 988-8002

Attorney for Debtor/Defendant
VIVIAN LILY

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| In re: | Chapter 7   Case No: 12-36999-B-7 |
| VIVIAN LILY, | Adv. No:  12-02717-b |
| Debtor. | DCN: SCR-004 |
| | **DEFENDANT VIVIAN LILY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| DAVID R. OLICK, | |
| Plaintiff, | |
| v. | Complaint filed: December 17, 2012 |
| VIVIAN LILY, | SAC filed:        June 4, 2013 |
| Defendant. | |

VIVIAN LILY ("Defendant") for her Answer and affirmative defenses, to the Second Amended Complaint (the Complaint) filed herein, admits, denies and alleges the following:

1. Defendant admits Paragraph 1.
2. Defendant admits Paragraph 2.
3. Defendant admits Paragraph 3.

1
DEBTOR/DEFENDANT VIVIAN LILY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

4. Defendant admits Paragraph 4.
5. Defendant admits Paragraph 5.
6. Defendant admits Paragraph 6.
7. Defendant denies that the written agreement attached as Exhibit A to Plaintiff's complaint calls for both parties to sign the deed of trust financing the subject property, and further denies that Plaintiff signed the deed of trust at the time of financing the subject property. Defendant further alleges that the document attached as Exhibit A speaks for itself and objects to any characterization of the contents of same in the body of Plaintiff's Complaint. Defendant admits the remainder of Paragraph 7.
8. Defendant admits Paragraph 8.
9. Paragraph 9 consists of legal conclusions rather than material factual allegations and, as such, Defendant denies the statements made therein.
10. Paragraph 10 consists of legal conclusions rather than material factual allegations and, as such, Defendant denies the statements made therein.

**"Claim One – DISCHARGEABILITY of Debt Incurred by False Pretenses False Representations and Actual Fraud and Fraud by Fiduciary. [11 USC 523 § (a)(2)(A) and 11 USC 523(a)(4)]"**

11. Defendant denies Paragraph 11.
12. Defendant admits Paragraph 12.
13. Defendant incorporates by reference the admissions and denials set forth above.
14. Defendant admits Paragraph 14.
15. Defendant denies Paragraph 15, including all of its subparts ("A" through "J").
16. Defendant denies Paragraph 16.

17. Defendant denies that she made any misrepresentations or promises to induce Plaintiff to do anything and so denies all such allegations in Paragraph 17 which suggest otherwise. Defendant lacks information and belief sufficient to admit or deny the remaining allegations in this Paragraph and on that basis denies them.

18. Defendant lacks information and belief to admit or deny the allegations in Paragraph 18 and so denies them.

19. Defendant admits that the market value of the subject residence is less than the outstanding mortgages and that Plaintiff refuses to accept his proportional share of the loss. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies Paragraph 21.

22. Defendant denies Paragraph 22.

**"CLAIM TWO – DISCHARGEABILITY of Debt Incurred by False Pretenses False Representations and Actual Fraud. [11 USC 523 § (a)(2)(A) and 11 USC § 523(a)(4)"**

23. Defendant denies Paragraph 23.

24. Defendant admits Paragraph 24.

25. Defendant incorporates by reference all admissions and denials contained above.

26. Defendant admits that she remained in the subject residence following separation and that she alone paid the mortgage, taxes and insurance related thereto – Plaintiff contributed nothing and refuses to contribute to the present. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant admits that she at some point stopped paying the mortgage on the subject residence as she could no longer afford to do so, because the property was "upside down", and because Plaintiff refused to contribute to the mortgage, taxes, insurance or upkeep on the subject residence. Plaintiff did briefly take in a border to help paying the mortgage. Defendant denies the remaining allegations in Paragraph 27.
28. Defendant denies Paragraph 28.
29. Defendant denies Paragraph 29.
30. Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 30 and so denies them.
31. Defendant denies Paragraph 31.
32. Defendant denies Paragraph 32.
33. Defendant denies Paragraph 33.
34. Defendant denies Paragraph 34.
35. Defendant denies Paragraph 35.
36. Defendant denies Paragraph 36.
37. Defendant denies Paragraph 37.

**"CLAIM THREE – DISCHARGEABILITY of Debt Incurred by Actual Fraud by Concealment. [11 USC 523 §(a)(2)(A)]"**

Claim Three has been dismissed with prejudice. Accordingly, Defendant does not respond to this Claim or any of the allegations contained in Paragraphs 38 through 49 included therein.

/ / /

/ / /

/ / /

/ / /

4
DEBTOR/DEFENDANT VIVIAN LILY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

"Fourth Claim – 11 USC 523 § (a)(4) Larceny While Acting in a Fiduciary Capacity – Common Law Conversion"

50. Defendant denies Paragraph 50.
51. Defendant admits Paragraph 51.
52. Defendant incorporates by reference all admissions and denials set forth above.
53. Defendant denies Paragraph 53.
54. Defendant denies Paragraph 54.
55. Defendant denies Paragraph 55.
56. Defendant denies Paragraph 56.
57. Defendant denies Paragraph 57.

"Fifth Claim – 11 USC 523(a)(15) Debts to a Spouse, Former Spouse or Child of the Debtor.....That Is Incurred by the Debtor in the Course of a Divorce....."

Claim Five has been dismissed with prejudice. Accordingly, Defendant does not respond to this Claim or any of the allegations contained in Paragraphs 58 through 62 included therein.

### AFFIRMATIVE DEFENSES

1. **AS A FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, it is alleged that the Complaint does not state facts sufficient to constitute a cause of action against Defendant.

2. **AS A SECOND SEPARATE AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, Defendant is informed and believes and thereon alleges that Plaintiff is barred because he comes with unclean hands.

3. **AS A THIRD SEPARATE AFFRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, Plaintiff has waived the causes of action

asserted against Defendant.

4. **AS A FOURTH SEPARATE AFFRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, through his conduct, acts, and communications, Plaintiff caused Defendant to change her position and act to her detriment and prejudice, Plaintiff failed and refused to add his name to title, and Plaintiff failed and refused to contribute any monies towards the mortgage payments, taxes, insurance or upkeep of the subject residence. Plaintiff is therefore estopped from asserting the surviving claims set forth in his complaint.

5. **AS A FIFTH SEPARATE AFFRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, Defendant is informed and believes and thereon alleges that each cause of action in Plaintiff's complaint is barred by latches.

6. **AS A SIXTH SEPARATE AFFRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, Plaintiff consented to the conduct of which it complains and Plaintiff's complaint is barred by said consent.

7. **AS A SEVENTH SEPARATE AFFRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, Plaintiff's complaint is barred in whole or in part by ratification and approval of the alleged acts and/or omissions complained of.

8. **AS AN EIGHTH SEPARATE AFFRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, any purported harm to Plaintiff was legally caused by the conduct of others rather than Defendant.

9. **AS A NINTH SEPARATE AFFRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, the actions and/or conduct of Defendant were privileged, justified and/or immunized by statute.

10. **AS A TENTH SEPARATE AFFRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, Defendant is entitled to an equitable set-off or other relief to compensate Defendant for the benefits provided to Plaintiff.

11. **AS AN ELEVENTH SEPARATE AFFRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN**, Plaintiff lacks standing to maintain his claims against Defendant.

12. **AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF**, Plaintiff failed to minimize and mitigate his alleged damages.

13. **AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF**, Plaintiff is barred from any relief and/or recovery of any damages under the doctrine of estoppel.

14. **AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF**, Plaintiff unduly delayed in the presentation of its claims against Defendant and in taking any action to perfect an interest in the subject property, which such delay has created a prejudice to Defendant, and by reason of which conduct Plaintiff is barred under the doctrine of laches.

15. **AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF**, The Complaint does not set forth a proceeding under Bankruptcy Rule 7001, as the claim advanced must be submitted by filing a Proof of Claim under Bankruptcy Rule 3001. The Adversary Proceeding should be dismissed.

16. **AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF**, the Complaint and the claims contained therein are not ripe for adjudication because the subject residence has not been foreclosed upon or sold and therefore Plaintiff has suffered no damages to date.

17. **AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF**, the Complaint and the claims contained therein are not ripe for adjudication because the parties' respective rights and interests in the subject residence have yet to be adjudicated by the family law court with present jurisdiction over that issue, and will not be ripe until the family law court renders its decision.

## PRAYER

WHEREFORE, Defendant prays for judgment herein as follows:

1. The Plaintiff take nothing by way of his Complaint;
2. That Plaintiff's Complaint be dismissed with prejudice;
3. That Plaintiff's Complaint and all surviving claims therein be discharged;
4. For costs of suit;
5. For reasonable attorney's fees; and
6. For such other and further relief as the Court deems just and proper.

Dated: February 11, 2014                **RUEHMANN LAW FIRM, P.C.**

/s/ Stephen C. Ruehmann
Stephen C. Ruehmann, Esq.
Attorney for Defendant
ROBERT MICHAEL DE LONG