# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES
# AMENDED

| | | | |
|---|---|---|---|
| **Adversary Title :** | Olick v. Lily | **Case No :** | 12–36999 – B – 7 |
| | | **Adv No :** | 12–02717 – B |
| | | **Date :** | 8/6/13 |
| | | **Time :** | 09:32 |

| | | |
|---|---|---|
| **Matter :** | [60] – Motion/Application to Dismiss Adversary Proceeding/Notice of Removal Filed by Defendant Vivian Lily (svim) | **OPPOSED** |

**Judge :** Thomas Holman
**Courtroom Deputy :** Sheryl Arnold
**Reporter :** Diamond Reporters
**Department :** B

**APPEARANCES for :**
**Movant(s) :**
**Respondent(s) :**

At the hearing, the court took this matter under submission, and issues the attached disposition after oral argument.

Disposition After Oral Argument: This matter was continued from July 23, 2013 to August 6, 2013, at 9:32 a.m. The matter was ordered submitted without oral argument on August 6, 2013. The following constitutes the court's findings of fact and conclusions of law, pursuant to Federal Rule of Bankruptcy Procedure 7052.

The plaintiff David R. Olick's (the "Plaintiff") opposition is overruled in part and sustained in part. The defendant Vivian Lily's (the "Debtor") motion to dismiss the claims for relief set forth in the second amended complaint (the "SAC") filed in this adversary proceeding on June 4, 2013 (Dkt. 58) is granted in part and denied in part, as follows:

1.) The Plaintiff's third claim for relief is dismissed to the extent that it seeks a determination of nondischargeability pursuant to 11 U.S.C. § 523(a)(4) without leave to amend.

2.) The Plaintiff's fifth claim for relief is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) to the extent it seeks a determination of nondischargeability pursuant to 11 U.S.C. § 523(a)(15) of obligations created by orders which have not been entered by the Solano County Superior Court in case no. FFL–114985.

3.) The Plaintiff's fifth claim for relief is also dismissed pursuant to Fed. R. Civ. P. 12(b)(6) to the extent that it seeks a determination of nondischargeability pursuant to 11 U.S.C. § 523(a)(15) of obligations created by orders which have been entered by the Solano County Superior Court in case no. FFL–114985, with leave given to the Plaintiff to amend.
Except as so ordered, the Debtor's requests for dismissal of the various claims for relief in the SAC are denied. Plaintiff may file a third amended complaint that comports with Fed. R. Civ. P. 8(a), made applicable herein pursuant to Fed. R. Bankr. P. 7008, on or before January 2, 2014. If Plaintiff does not file a third amended complaint on or before January 2, 2014, the Debtor may submit a proposed order dismissing the fifth claim for relief. Except as so ordered, the motion is denied.

By this motion, Debtor seeks dismissal of all claims for relief set forth in the SAC pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012. The SAC concerns agreements between Debtor and Plaintiff regarding the purchase and titling (the "House Title Agreement")

of real property located at 846 Leeds Court, Benicia, California (the "Property') an agreement regarding payments for taxes and maintenance for the Property and a loan secured by the Property ( the "House Payment Agreement"), Debtor's alleged failure to disclose financial information with respect to a premarital agreement and Debtor's alleged taking of Plaintiff's property.

The following sets forth the legal standard on a motion to dismiss for failure to state a claim on which relief may be granted:

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here under Fed. R. Bankr. P. 7012, is to test the legal sufficiency of a plaintiff's claims for relief. In determining whether a plaintiff has advanced potentially viable claims, the complaint is to be construed in a light most favorable to the plaintiff and its allegations taken as true. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Church of Scientology of Cal. v. Flynn, 744 F.2d 694, 696 (9th Cir.1984). . .

Quad–Cities Constr., Inc. v. Advanta Bus. Servs. Corp. (In re Quad–Cities Constr., Inc.), 254 B.R. 459, 465 (Bankr. D. Idaho 2000). In addition, under the Supreme Court's most recent formulation of Rule 12(b)(6), a plaintiff cannot "plead the bare elements of his cause of action, affix the label general allegation,' and expect his complaint to survive a motion to dismiss." Ashcroft v. Iqbal,129 S .Ct 1937, 1954 (2009). Instead, a complaint must set forth enough factual matter to establish plausible grounds for the relief sought. See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964–66 (2007). ("[A] plaintiff's obligation to provide grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Factual allegations must be enough to raise a right to relief above the speculative level. Id., citing to 5 C. Wright & A. Miller, Fed. Practice and Procedure § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). In addition, the court notes the following:

A dismissal under Rule 12(b)(6) may be based on the lack of cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). . . the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); accord W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526; 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). . .

Toscano v. Ameriquest Mortg. Co., 2007 U.S. Dist. LEXIS 81884 (E.D. Cal. 2007). If a Fed. R. Civ. P. 12(b)(6) motion to dismiss is granted, "[the] court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, the court is not required to grant leave to amend when an amendment would be futile. See Toscano, 2007 U.S. Dist. LEXIS 81884 (citing Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002)).

Considering the foregoing, the court will address each claim for relief.

Claim 1 – House Title Agreement

In the first claim for relief, Plaintiff asserts Debtor obtained money from him to purchase a house, as well as title to the house, through false pretenses, false representations, actual fraud, and "fraud by fiduciary." Plaintiff asserts that his claim should be non–dischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(4)).

A. Claim Under 11 U.S.C. § 523(a)(2)(A)

Under 11 U.S.C. § 523(a)(2)(A), a debt is nondischargeable when, inter alia, money or property are obtained by false pretenses, a false representation, or actual fraud.

The elements of a claim for actual fraud are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. Engalla v. Permanente Medical Group, Inc., 938 P.2d 903 (Cal. 1997). A claim for fraud is subject to heightened pleading requirements. Fed. R. Civ. Proc. 9(b), made

applicable to this adversary proceeding by Fed. R. Bankr. P. 7009, states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Here, Plaintiff has pled facts sufficient, for purposes of this motion, to state a plausible claim for relief under 11 U.S.C. 523(a)(2)(A) with respect to the House Title Agreement. The crux of this claim is that Debtor and Plaintiff entered into the House Title Agreement, pursuant to which, while Plaintiff and Debtor were married, Plaintiff paid the lion's share of the down payment on the Property and Debtor took title in her name alone. Under the House Title Agreement, upon Plaintiff obtaining malpractice insurance for his law practice and making a request to Debtor to transfer title in the Property to the names of Plaintiff and Debtor, Debtor promised to transfer title into both hers and Plaintiff's names. Plaintiff alleges that Debtor entered into the House Title Agreement having no intention of performing her promises thereunder, that Plaintiff obtained malpractice insurance, and that Debtor refused on Plaintiff's request to transfer title into both names. Plaintiff further alleges intent by Debtor, reliance on Debtor's false promises under the House Title Agreement when he paid most of the down payment on the Property and obtained the malpractice insurance and damages in the form of, inter alia, the amount of the down payment on the Property that he provided, taxes he incurred from drawing the down payment from his retirement funds, and other costs.

Based on the foregoing, the Debtor's request for dismissal of Claim 1's request for a determination of nondischargeability under § 523(a)(2)(A) is denied.

B. Claim Under 11 U.S.C. § 523(a)(4)

Section 523(a)(4) makes a debt non–dischargeable where the debt was incurred by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Thus, a necessary fact to be pleaded is the existence of a fiduciary relationship.

A fiduciary relationship under Section 523(a)(4) has been defined as follows:

"Section 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity." The definition of "fiduciary capacity" under § 523(a)(4) is a question of federal law. See Mills v. Gergely (In re Gergely), 110 F.3d 1448, 1450 (9th Cir. 1997). We have previously held that "[t]he broad, general definition of fiduciary––a relationship involving confidence, trust and good faith––is inapplicable in the dischargeability context." Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir. 1986). As a result, we have adopted a narrow definition of "fiduciary" for purposes of § 523(a)(4): "[T]he fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt." Lewis v. Scott (In re Lewis), 97 F.3d 1182, 1185 (9th Cir. 1996). While the definition of "fiduciary" is governed by federal law, we have relied in part on state law to ascertain whether the requisite trust relationship exists. See id. at 1185; Ragsdale, 780 F.2d at 796.

Cal–Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1125 (9th Cir. 2003).

Husband and wife are in a fiduciary relationship within the meaning of 11 U.S.C. § 523(a)(4) pursuant to California statutes and case law with regard to community property. Under Family Code section 1100(e), that relationship continues until the community property is divided by the parties or pursuant to court order. Mele v. Mele, ___ B.R. ___, 2013 WL 6164062 at *6 (9th Cir. BAP, Nov. 5, 2013)("[I]n California, the fiduciary relationship between spouses is established by statute."); Lovell v. Stanifer (In re Stanifer), 236 B.R. 709, 715–716 (9th Cir. BAP 1999).

Here, Plaintiff incorporates into Claim 1 the general allegations set forth in paragraphs 1–10 of the SAC. Pursuant to the general allegations, Plaintiff asserts that at the time he and Debtor entered into the House Title Agreement, they were married and that their marriage created a fiduciary relationship between him and Debtor as to the House Title Agreement under Cal. Fam. C. § 721 ("Section 721"). Subdivision (b) of Section 721, in general, sets forth that transactions between a husband and wife are subject to the general rules governing fiduciary relationships. "The statutory scheme provided in the California Family Code establishes the type of fiduciary capacity' within the meaning of § 523(a)(4). Pursuant to Cal. Fam. Code §§ 721 and 1100(e), spouses are subject to the general rules governing fiduciary relationships with each other, including the duty of the highest good faith and fair dealing and the duty not to take unfair advantage of the other." Stanifer, 236 B.R. at 717. Therefore, Plaintiff has pled facts sufficient, for the purposes of this motion, to support a plausible fiduciary relationship between the Plaintiff and the Defendant as to the House Title Agreement.

As set forth above, under the section of this ruling concerning 11 U.S.C. § 523(a)(2)(A), Plaintiff has sufficiently pled facts, for the purposes of this motion, to state a plausible claim for fraud by a fiduciary as to the House Title Agreement.

Based on the foregoing, the Debtor's request for dismissal of Claim 1's request for a determination of nondischargeability under § 523(a)(4) is denied.

Claim 2 – House Payment Agreement

Claim 2 also seeks a declaration of nondischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4) with respect to an agreement between Plaintiff and the Debtor regarding payment of expenses related to the Property after the parties had separated (the "House Payment Agreement"). The Plaintiff alleges in Claim 2 that following the separation of the Parties the Debtor continued to live on the Property and allegedly represented to and promised the Plaintiff that she would continue to pay the indebtedness secured by the Property, to pay taxes secured by the Property and to maintain and preserve the Property. Plaintiff alleges that in August, 2011, the Debtor secretly stopped paying the loan secured by the Property without notifying the Plaintiff, and that she obtained and collected rent from a live-in roommate while allowing foreclosure processes against the Property to proceed.

The Plaintiff further alleges that at the time Debtor made the House Payment Agreement she did not intend to perform the House Payment Agreement by paying the mortgage, that she made the allegedly false promises embodied in the House Payment Agreement in order to induce the Plaintiff's reliance, that the Plaintiff did rely on said false promises by allowing the Debtor to maintain exclusive possession of the Property and to collect rent from a tenant on the Property.

A. Claim Under 11 U.S.C. § 523(a)(2)(A)

The court finds that, pursuant to the authorities discussed under Claim 1, supra, the Plaintiff has pled facts sufficient, for the purposes of this motion, to state a plausible claim for relief under § 523(a)(2)(A) with respect to the House Payment Agreement. The Plaintiff alleges that the Debtor made a false representation, i.e. the promise to maintain ongoing loan payments, taxes and maintenance expenses. The plaintiff alleges that the Debtor made the false promise with knowledge of its falsity and with the intent to induce Plaintiff's reliance. The Plaintiff alleges that he justifiably relied on the false promise by allowing the Debtor to remain in possession of the Property and to collect rent directly from a live-in tenant. Finally, the Plaintiff alleges that he suffered damages as a result of his reliance, i.e. loss of the benefit of the use of the property and rental income generated by the property while the Debtor was in exclusive possession. The foregoing allegations are sufficient to state a claim for relief for nondischargeability under § 523(a)(2)(A).

Based on the foregoing, the Debtor's request for dismissal of Claim 2's request for a determination of nondischargeability under § 523(a)(2)(A) is denied.

B. Claim Under 11 U.S.C. § 523(a)(4)

Section 523(a)(4) makes a debt non-dischargeable where the debt was incurred by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. The Plaintiff has alleged a claim for relief for fraud under Claim 2 that supports a claim under 11 U.S.C. § 523(a)(2)(A). Thus, a necessary additional fact to be pled to state a claim under § 523(a)(4) is the existence of a fiduciary relationship.

As discussed in more detail above, husband and wife are in a fiduciary relationship for the purposes of § 523(a)(4). Cal. Fam. Code § 2102 provides that husband and wife are also subject to the standards of Cal. Fam. Code § 721 from the date of separation to the date of the distribution of community assets or liabilities as to all activities that affect community property and support the rights of each other. Therefore, although the parties were allegedly separated during the events alleged under Claim 2, they remained in a fiduciary relationship, as the complaint does not allege that a distribution of community assets has occurred.

Based on the foregoing, the Debtor's request for dismissal of Claim 1's request for a determination of nondischargeability under § 523(a)(4) is denied.

Claim 3 – Financial Disclosure of the Parties Concerning a Pre-Marital Agreement

Claim 3 seeks a declaration of nondischargeability under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) of a debt arising from an alleged failure by the Debtor to disclose information allegedly material to the Premarital Agreement, a copy of which is attached to the SAC as Exhibit B. The Premarital Agreement states in paragraph 2 that

Each party has made a full, fair and reasonable disclosure to the other of all assets that he or she owns and all debts or liabilities owed by him or her as is reasonable known by each party.

The Plaintiff alleges that prior to the execution of the Premarital Agreement the parties purportedly

disclosed their financial circumstances to each other, pursuant to paragraph 2 of the Premarital Agreement. The Plaintiff alleges that the Debtor failed to disclose to the Plaintiff that she was the beneficiary of a "secret trust fund or monies, controlled by her mother Marilyn Rich and/or her brother Robert Rich, Esq., that was available to her at will, and that she had other undisclosed funds and/or assets." The Plaintiff further alleges that the concealment of the aforementioned assets was intentional and deliberate and made by the Debtor the intention of inducing the Plaintiff into entering into the Premarital Agreement and into paying a significant portion of the down payment for purchase of the Property, as the Plaintiff was led to believe that the Debtor did not have any resources to contribute to the down payment for the Property. The Plaintiff alleges that if he had known the true facts and the true intention of the Debtor he would not have contributed a significant portion of the down payment for the purchase of the Property. The Plaintiff alleges that he was damaged in the amount of the amount of the down payment he contributed for the purchase of the property, tax due thereon, incidental expenses, payments for improvements and maintenance expenses for the Property.

A. Claim Under 11 U.S.C. § 523(a)(2)(A)

In addition to the elements of a claim for nondischargeability under § 523(a)(2)(A) described in connection with Claim 1, supra, "[a] debtor's silence regarding a material fact can constitute a false representation under section 523(a)(2)(A). A material fact is one touching upon the essence of the transaction." 4 Collier on Bankruptcy paragraph 523.08[1][d] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

Plaintiff has pled facts sufficient, for the purposes of this motion, to state a plausible claim under Section 523(a)(2)(A). Here, Plaintiff asserts that at the time the parties were entering into the Premarital agreement, Debtor omitted a material representation, i.e., that she was a beneficiary of a secret trust fund or fund monies, for the purpose of inducing Debtor to pay money toward the purchase price of the Property. Plaintiff asserts that he relied on this omission when he contributed money for the Property and that he would not have done so had he known of the Debtor's alleged omission. The Plaintiff alleges that he was damaged as a result by the loss of his separate property IRA funds used to contribute to the down payment for the Property.

Based on the foregoing, the Debtor's request for dismissal of Claim 3's request for a determination of nondischargeability under § 523(a)(2)(A) is denied.

B. Claim Under 11 U.S.C. § 523(a)(4)

However, Plaintiff has failed to plead facts sufficient to support a claim under 11 U.S.C. § 523(a)(4). Plaintiff asserts that Debtor committed actual fraud. As stated above, Section 523(a)(4) applies to fraud while Debtor is acting in a fiduciary capacity. Plaintiff has not pleaded facts sufficient to show that Debtor was acting in a fiduciary capacity at the time she omitted this information, as the parties were not married at the time that they entered into the Premarital Agreement and there are no allegations in the complaint supporting the existence of an express, technical trust between the parties at the time they entered into the Premarital Agreement.

Based on the foregoing, the Debtor's request for dismissal of Claim 3's request for a determination of nondischargeability under § 523(a)(4) is granted. Claim 3 is dismissed to the extent that it seeks a determination of nondischargeability under § 523(a)(4), without leave to amend.

Claim 4 – Taking of Papers and Personal Property

The Plaintiff has entitled Claim 4 "11 U.S.C. § 523(a)(4) – Larceny While Acting in a Fiduciary Capacity – Common Law Conversion." The court construes Claim 4 as asserting a claim for relief for a declaration of nondischargeability of a debt under 11 U.S.C. § 523(a)(4) for larceny, as there is no subsection under 11 U.S.C. § 523 which makes claims for debts arising from common law conversion nondischargeable in chapter 7 proceedings.

The Plaintiff alleges that "at times presently unknown but during the period that Plaintiff and [the Debtor] cohabitated," the Debtor "secretly went through [P]laintiff's papers, case files, records other things [sic] [(the "Personal Property")] and removed papers, case files and records." Plaintiff alleges that the Debtor hid the Personal Property in a location unknown to the Plaintiff and that the Debtor took the Personal Property for the purpose of discrediting the Plaintiff in future proceedings. Plaintiff alleges that he was damaged by the Debtor's taking of the Personal Property because the Personal Property has intrinsic value and Plaintiff is unable to manage his personal affairs without the Personal Property.

Larceny, for the purposes of § 523(a)(4), is a "felonious taking of another's personal property with intent to convert it or deprive the owner of the same." In re Ormsby, 591 F.3d 1199, 1205 (9th Cir. 2010).

"Felonious" is defined as "proceeding from an evil heart or purpose, malicious, villainous . . . Wrongful; (of an act) done without excuse of color of right. Id. at 1205 n.2 (citing Elliott v. Kiesewetter (In re Kiesewetter), 391 B.R. 740, 748 (Bankr.W.D.Pa.2008)).

The SAC pleads facts sufficient, for the purposes of this motion, to state a plausible claim upon which relief may be granted under 11 U.S.C. § 523(a)(4) with respect to the Debtor's alleged taking of the Personal Property. The Plaintiff alleges that the Debtor took the Personal Property and concealed it from the Plaintiff with the intent to discredit the Plaintiff and that the Debtor converted the Personal Property to her own use.

Therefore, based on the foregoing, the Debtor's request for dismissal of Claim 4 is denied.

Claim 5 – 11 U.S.C. § 523(a)(15)

The Plaintiff alleges under Claim 5 that the Debtor and Plaintiff are currently involved in a marital dissolution proceeding (the "Dissolution Proceeding") in Solano County Superior Court. Plaintiff requests that the "court adjudicate that all the rights and obligations of plaintiff and defendant under California Law as will be adjudicated and which are adjudicated . . . be deemed exempt from discharge."

11 U.S.C. § 523(a)(15) provides, inter alia, that a debt "to a spouse, former spouse, or child of the debtor and not of the kind described in [§ 523(a)(5)] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record" is nondischargeable. Debts which are nondischargeable under § 523(a)(15) do not require an adversary proceeding for a declaration of nondischargeability. See 11 U.S.C. § 523(c)(1)(providing that debts of the kind specified under § 523(a)(2), (a)(4) and (a)(6) are discharged unless the court determines the debt excepted from discharge at the request of a creditor).

To the extent that Claim 5 seeks a determination that orders which have yet to be entered by the state court in the Dissolution Proceeding, Claim 5 is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Matters which are yet to be decided by the state court are not justiciable with respect to questions of dischargeability.

To the extent that Claim 5 seeks a determination that orders which have already been entered are nondischargeable, Claim 5 is dismissed because it is it does not allege any specific debts to be declared nondischargeable. As described above, § 523(a)(15) excepts certain types of debts from discharge; the Plaintiff's request that the court declare "all the rights and obligations of plaintiff and defendant . . . as will be adjudicated" is impermissibly vague.

Based on the foregoing, the Claim 5 is dismissed to the extent it seeks a determination pursuant to 11 U.S.C. § 523(a)(15) that orders which have already been entered in the Dissolution Proceeding are nondischargeable. However, based on the SAC's allegation that orders have been entered in the Dissolution Proceeding, the court grants the Plaintiff leave to amend the SAC to state a justiciable claim for relief under § 523(a)(15).

The court will issue a minute order.